```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :     18 CR 413 (VM)
                                     :
     - against -                     :     **DECISION AND ORDER**
                                     :
ERVIN ORTIZ,                         :
                                     :
                         Defendant.  :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

On May 13, 2020, defendant Ervin Ortiz ("Ortiz") moved for compassionate release under 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See "Motion," Dkt. No. 113.) Ortiz asserts that, due to his age and medical conditions, he is at high risk of suffering serious illness if he contracts COVID-19. Because Ortiz filed the Motion pro se, "the Court must construe [the Motion] liberally and interpret [it] to raise the strongest arguments that [it] suggest[s]." Mata v. United States, 363 F. Supp. 3d 352, 354-55 (S.D.N.Y. 2019). Because Ortiz has not been sentenced and is therefore ineligible for sentence modification under Section 3582, the Court construes the Motion as an application for release on bail pending sentencing.

On May 22, 2020, the Government opposed the Bail Application. (See "Government Opposition," Dkt. No. 115.)

1

For the reasons explained below, the Court denies the Bail Application.

On September 27, 2019, the defendant pled guilty before Magistrate Judge Robert W. Lehrburger to conspiring to violate 21 U.S.C. Sections 846 and 841(b)(1)(B), pursuant to a plea agreement (the "Plea Agreement"). (See Minute Entry Dated Sept. 27, 2019.)  In the Plea Agreement, the parties stipulated that the applicable Guidelines range is 188 to 235 months' imprisonment, with a mandatory term of 60 months' imprisonment. The Probation Office has recommended a sentence of 98 months' imprisonment. The defendant's sentencing is currently scheduled for June 19, 2020, at 10:00 a.m.

Because of the nature of the charges to which Ortiz pled guilty, he is subject to a presumption of detention. See 18 U.S.C. §§ 3143(a)(2) ("Section 3143(a)(2)"), 3142(f)(1)(C). Specifically, under Section 3143(a)(2), the Court "shall order that . . . [he] be detained unless" (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the Government has recommended that no sentence of imprisonment be imposed" and (2) "the judicial officer finds by clear and convincing evidence that [he] is

2

not likely to flee or pose a danger to any other person or the community." As Ortiz has pled guilty, a motion for acquittal or new trial is not possible. In addition, the Government recommends a sentence of imprisonment. (See Government Opposition 2.) Ortiz is therefore subject to detention under Section 3143(a)(2).

18 U.S.C. Section 3145(c) provides that a defendant subject to detention under Section 3143(a)(2) "may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" and the defendant meets the conditions of release set forth in 18 U.S.C. Section 3143(a)(1). 18 U.S.C. Section 3143(a)(1) allows for a defendant's release pending sentencing if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

The Court need not decide whether the COVID-19 pandemic and Ortiz's age and medical conditions present the "exceptional reasons" required by Section 3145(c), as the Court is not persuaded that there is clear and convincing

evidence Ortiz is not a flight risk and danger to the community.

As the Government notes, Ortiz faces significant sentencing exposure, which gives him a motive to flee. (See Government Opposition at 2.) In the Plea Agreement, the parties stipulated that the applicable Guidelines range is 188 to 235 months' imprisonment.

In addition, Ortiz pled guilty to conspiring to distribute at least a kilogram of narcotics in New York City. The Second Circuit has held that narcotics trafficking presents a danger to the community. See United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). Ortiz has numerous prior convictions, including for various drug offenses, and a history of parole violations. (See Final Presentence Investigation Report, Dkt. No. 109 ¶¶ 35-45.) He is accordingly classified as a career offender under the United States Sentencing Guidelines. (See id. ¶ 47.)

While location monitoring, home detention, in-person visits and other forms of supervision might help mitigate concerns of flight or danger to the community, Pretrial Services and Probation currently face significant difficulties in providing such monitoring because of the

pandemic and the increasing number of bail applications it has caused. (See Government Opposition at 3-4.)

Notwithstanding the undeniably trying circumstances created by the ongoing pandemic, several other judges in this district have denied bail applications where defendants did not meet the conditions of release set forth in 18 U.S.C. Section 3143(a)(1). See, e.g., United States v. Conley, No. 19 CR 131, Dkt. No. 366 at 2 n.1 (S.D.N.Y. Mar. 31, 2020); United States v. Sanchez-Reyes, No. 19 CR 502, Dkt. No. 23 (S.D.N.Y. Mar. 30, 2020); United States v. Acosta, No. 19 CR 848, Dkt. No. 14 (S.D.N.Y. Mar. 25, 2020). Ortiz has similarly not provided clear and convincing evidence that he meets the statutory requirements for bail.

Accordingly, for the reasons discussed above, it is hereby **ORDERED** that the Motion for release (Dkt. No. 113) pursuant to 18 U.S.C. Section 3145(c) is **DENIED**. Counsel for the Defendant is directed to mail a copy of this order to the Defendant.

**SO ORDERED.**

Dated:  New York, New York
        28 May 2020

_____
Victor Marrero
U.S.D.J.

5